IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN MCCARTER,

    Petitioner,               No. 2:08-cv-1979 FCD KJN P

   vs.

KATHY PROSPER, Warden,

    Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

      Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 conviction on charges of burglary and two counts of receiving stolen property. Petitioner was convicted by a jury on all three counts. The trial court found petitioner sustained a prior conviction in 1989 and served prior prison terms. Petitioner was sentenced to sixteen years in prison. Petitioner contends the use of his prior conviction to enhance his prison sentence violated his due process rights, and defense counsel was ineffective based on an alleged failure to investigate and seek specific performance of petitioner's 1989 plea agreement. After careful review of the record, this court concludes that the petition should be denied.

////

II. <u>Procedural History</u>

On March 28, 2006, a jury convicted petitioner of one count of burglary and two counts of receiving stolen property. (Clerk's Transcript ("CT") at 324-26.) The trial judge found petitioner had sustained a prior serious felony conviction in 1989, and that petitioner served prior prison terms in 1993, 1996, and 2002, for purposes of California Penal Code § 667.5(b). (CT at 327.)

Petitioner was sentenced on May 26, 2006, to four years for burglary, doubled pursuant to California Penal Code § 667(a), plus a five year enhancement, pursuant to California Penal Code § 667(a), plus three one-year enhancements, pursuant to California Penal Code § 667.5(b), for a total state prison term of sixteen years. (CT at 397.) Sentence on the two counts of receiving stolen property was stayed by the court. (CT at 397.)

On August 20, 2007, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 14.) The petition was denied in a reasoned opinion issued October 11, 2007. (Dkt. No. 1 at 21-22.)

On October 22, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (LD 15.) The Court of Appeal denied the petition, without comment, on October 25, 2007. (Dkt. No. 1 at 25.)

Petitioner filed a timely appeal of his conviction, and on December 17, 2007, the Court of Appeal for the Third Appellate District affirmed the conviction in a reasoned opinion. (LD 12.)

On January 16, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 16.) The California Supreme Court denied the petition, without comment, on July 9, 2008. (Dkt. No. 1 at 27.)

On January 28, 2008, petitioner filed a petition for review in the California Supreme Court. (LD 11.) On March 12, 2008, the California Supreme Court denied the petition for review without comment. (LD 13.)

Petitioner filed the instant petition on August 22, 2008. (Dkt. No. 1.)

III. Facts[1]

The opinion of the California Court of Appeal provides the following factual summary:

> On the morning of August 27, 2005, Sergeant Charles Husted of the Sacramento Police Department drove around Sacramento in his patrol car looking for a "parolee at large" by the name of William Thurston. At 10:20 a.m., the officer saw an individual, later identified as [petitioner], near a market. The officer testified that [petitioner] resembled Mr. Thurston in both build and stature. In addition, the bicycle [petitioner] was riding looked like the same bicycle Mr. Thurston had been riding the week prior when he had evaded the officer.
>
> The officer pulled up next to [petitioner] and asked "if [he] could speak to him." The officer testified that [petitioner] simply "stood there and [they] began to talk." The officer asked [petitioner] his name, and [petitioner] identified himself. Next, the officer asked [petitioner] if he was on probation or parole and [petitioner] admitted that he was on parole. Sergeant Husted learned [petitioner's] parole status "within a minute" of his first contact with [petitioner].
>
> After [petitioner] admitted he was on parole, Sergeant Husted conducted a parole search of [petitioner]. That search revealed a credit card in [petitioner's] back pocket with the name "Matthew Kanelos" on it. [Petitioner] claimed he found the card in a dumpster. The officer determined that, at that time, the credit card was not reported stolen. The officer kept the credit card and let [petitioner] go.
>
> Later, it was discovered the card was in fact stolen, along with several other items from the home of Livia Moe and Tim Foster. Mr. Kanelos was in a band with Mr. Foster and had left his credit card in Mr. Foster's home before they left to tour Europe. [Petitioner and his co-defendant] Fondren were subsequently arrested for their respective roles in the burglary.[fn]
>
> > [fn] Defendant Fondren appeals only his sentence and the $20 court security fee. We do not summarize the facts as they relate to his role in the crime because they are not relevant to his claims on appeal.

---

[1] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. McCarter, No. C052840 (December 17, 2007), a copy of which was lodged by Respondent as Lodged Document ("LD") 12 on July 10, 2009.

3

(People v. McCarter, 2007 WL 4381747 at *1-2 (Cal. App. 3 Dist.).

IV.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the  "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that

4

application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). If there is no reasoned decision, "and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85. That presumption may be overcome by a showing that "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an independent review of the record. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784. "[A] habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.

////

////

V. Petitioner's Claims

    A. Enhancement for Prior Conviction

Petitioner claims use of his prior conviction to enhance his prison sentence violated his due process rights.

The last reasoned rejection of this claim is the decision of the Sacramento County Superior Court on petitioner's petition for writ of habeas corpus. The superior court addressed this claim as follows:

> Petitioner alleges that the Court violated his plea agreement from his 1989 Butte County case because it used that conviction to enhance his sentence by more than five years. He claims that when he pled guilty in the Butte County case, he was advised that the conviction could only be used to enhance his sentence up to a maximum of five years.
>
> Preliminarily, the matter Petitioner alleges to be the subject of his plea agreement in the Butte County case – that his conviction could only be used to enhance any future sentences up to a maximum of 5 years – is not properly the subject of a plea agreement. In essence, Petitioner is alleging that his plea agreement precluded him from being subject to any future changes to the law with respect to sentence enhancements.
>
> Relevant authorities establish that using a prior conviction to enhance a sentence in a future case does not alter the terms of a prior plea agreement but rather imposes a stiffer sentence for the present conviction. (See, e.g., Monge v California (1998) 524 U.S. 721, 728; People v. Helms (1997) 15 Cal.4th 608, 614-617.) Indeed, that a prior conviction occurred before enactment of the enhancing statute does not prevent its use in enhancing [a] sentence so long as the current crime occurred after the enactment of the enhancing statute. (People v. Rivadeneira (1991) 232 Cal.App.3d 1416, 1420.)
>
> Petitioner's claim essentially boils down to an argument that his 1989 conviction could not be used for purposes of the Three Strikes law because the latter increases the punishment for that prior, constituting an ex post facto violation of the law. This argument has long been rejected. "Three Strikes" does not increase the punishment for prior offenses; rather, it imposes an increased punishment for a current offense when the defendant has prior serious or violent felony convictions. Thus, ex post facto principles are not violated. (People v. Hatcher (1995) 33 Cal.App.4th 1526, 1527-1528 [citing People v. Jackson (1985) 37 Cal.3d 826, 833, overruled on other grounds in People v. Guerrero (1988) 44 Cal.3d 343, 348-355]).

6

> Thus, Petitioner cannot be heard to complain that his 1989 Butte County conviction was improperly used to enhance his sentence in case no. 05F07759. As a result, Petitioner's plea agreement in the 1989 Butte County case was not breached when the conviction from that case was used to enhance the sentence in case no. 05F07759. Therefore, Petitioner's first claim is denied.

(Dkt. No. 1 at 21-2.)

To the extent that petitioner seeks specific performance or invalidation of his 1989 plea, his effort is unavailing. Claims that a prior plea should be vacated because it was entered unknowingly and involuntarily are barred by Lackawanna v. Coss, 532 U.S. 394 (2001). In Lackawanna the Supreme Court held that where, as here, a petitioner's state court conviction was later used to enhance a criminal sentence, "the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Id., 532 U.S. at 403-04. See also Gill v. Ayer, 342 F.3d 911, 919 n.7 (9th Cir. 2003) ("Gill has no right to relitigate the fact of the 1976 assault conviction."). The Supreme Court has allowed a petitioner to collaterally challenge a prior conviction only "where there was a failure to appoint counsel in violation of the Sixth Amendment." Lackawanna, 532 U.S. at 404. Petitioner states he was represented by court-appointed counsel at sentencing. (Dkt. No. 1 at 7.) Because petitioner was represented by counsel in connection with his prior guilty plea, the "failure to appoint counsel" exception does not apply and he is precluded from collaterally attacking the 1989 conviction through a § 2254 petition. See Lackawanna 532 U.S. at 406.

Petitioner's claim also fails on the merits. A guilty plea must be knowing, voluntary and intelligent. Brady v. United States, 397 U.S. 742, 747-48 (1970). For a guilty plea to be knowing and intelligent, the defendant must understand, among other things, the possible penalty he faces. Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir. 1986). Similarly, "[b]efore a court may accept a defendant's guilty plea, the defendant must be advised of the 'range of allowable punishment' that will result from his plea." Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988).

1  However, state courts are not required to advise criminal defendants of all collateral
2  consequences of a plea or of all possible ancillary or consequential results which may flow from
3  a plea of guilty.  Id. at 235; see also United States v. Littlejohn, 224 F.3d 960, 965 (9th Cir. 2000)
4  (While district courts must inform defendants pleading guilty of the direct consequences of their
5  plea they "need not advise defendants of the collateral consequences of their guilty plea.").  Thus,
6  a defendant's ignorance of collateral consequences does not deprive a guilty plea of its voluntary
7  character.  United States v. Brownlie, 915 F.2d 527, 528 (1990); Torrey, 842 F.2d at 235.  The
8  possibility of future sentence enhancement is a collateral, not a direct, consequence of a guilty
9  plea.  Brownlie, 915 F.2d at 528; United States v. Garrett, 680 F.2d 64, 66 (9th Cir. 1982).
10 Accordingly, petitioner's 1989 guilty plea was not rendered involuntary by his ignorance of the
11 possibility of future sentence enhancement under California's Three Strikes Law.  See Wheeler
12 v. Yarbrough, 352 F. Supp.2d 1085, 1094-95 (C.D. Cal. 2005).

13           Petitioner also argues that his current sentence constitutes a breach of the promise
14 made in connection with his prior plea agreement that he would receive, at most, a five year
15 enhancement to his sentence for any future crimes.  This claim is also arguably barred by the
16 holding of the Supreme Court in Lackawanna discussed above.  In that case the Supreme Court
17 recognized both that states have a strong interest in the integrity of a judgment once direct and
18 collateral proceedings are complete and that it is difficult for a federal court to obtain state court
19 records and transcripts to review the constitutionality of long-past convictions which have been
20 used to enhance a present sentence, particularly when the sentence imposed in the prior
21 conviction has been fully served.  Lackawanna, 532 U.S. at 403.

22           All of these concerns are present in the case of petitioner's claim.  Neither party
23 has submitted documentary evidence with respect to petitioner's prior plea agreement.
24 Therefore, this court has no way of determining what occurred in state court at the time the plea
25 agreement was entered.  In essence, petitioner asks this court to render an opinion as to events
26 which occurred in 1989 when there is no evidence on the claim, other than petitioner's

uncorroborated assertions. Further, the records and transcripts for those proceedings may be difficult or impossible to obtain at this point.[2]

Even when considered on the merits, however, petitioner's claim must fail. A guilty plea is invalid if induced by a promise which renders the plea involuntary. Machibroda v. United States, 368 U.S. 487, 493 (1962); Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir. 1986). When a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971); Johnson v. Lumpkin, 769 F.2d 630, 633 (9th Cir. 1985). Claims of a breached plea agreement are analyzed according to contract law standards of interpretation, such that a court looks to what was reasonably understood by the parties to be the terms of the agreement and whether or not those terms were fulfilled. See United States v. Kamer, 781 F.2d 1380, 1387 (9th Cir. 1986) ("In order to determine whether the sentence imposed comports with the reasonable understanding and expectations of the defendant as to the sentence for which he had bargained, we look to the objective proof on the record.")

Again, petitioner contends that his sentence in this case violates the plea agreement he entered approximately seventeen years ago because allegedly he was informed in 1989 by defense counsel, the Butte County prosecutor, and Judge William R. Patrick of the Butte County Superior Court, that any future enhancements would be for a five-year period if applied in the future against a serious or violent felony conviction. It appears the agreement in this respect paraphrased sentencing law in effect at that time.[3] As such, the language of the plea

---

[2] Indeed, at sentencing in 2006, during defense counsel's argument to strike the prior convictions as unconstitutional, defense counsel noted that he "recently received a declaration from Butte County that the record is unavailable." (RT at 753.) The record had been destroyed. (RT at 755.)

[3] In this regard, although the court does not have the benefit of any documentary evidence pertaining to petitioner's prior plea agreement, at the time of petitioner's 1989

agreement was not a concession, a promise, or consideration for the plea and did not offer petitioner any benefit.  Although petitioner attempts to phrase his claim in terms of a breach of the 1989 plea agreement, what petitioner is really arguing is that the prosecutor and court promised him in 1989 that state law would not change or, if it did, that it would not be enforced as to him.  Petitioner has made no showing that such a promise was made and it appears clear that the subjects were not addressed at those earlier proceedings.  Moreover, a prosecutor would have no authority to make such a promise.  See Johnson, 769 F.2d at 633 (a promissor must have authority to make the promise).  In any event, there is no evidence that such a promise was made to petitioner.

Petitioner does not assert that he received a state prison term for his earlier crimes greater than that stated in the plea bargain for those offenses.  He concedes he was specifically advised that his priors could be used as part of an enhancement allegation in future criminal proceedings and there is nothing in those plea agreements as described by petitioner which rules out that possibility.

In view of the absence of any factual record to support petitioner's claim regarding what he was promised, his present claim is without merit.  Compare Wheeler, 352 F. Supp.2d at 1094-96 (use of petitioner's prior conviction to enhance a later sentence pursuant to California's Three Strikes Law did not constitute a breach of the terms of the earlier plea agreement where the evidence contradicted petitioner's representations regarding the terms of the prior plea agreement).

Finally, petitioner has not cited any case holding that use of a current sentencing enhancement law constitutes a breach of enhancement provisions contained in a plea agreement

---

conviction, when a defendant suffered a serious felony conviction, California Penal Code § 667(a) mandated a consecutive five-year sentence enhancement for a prior serious felony conviction.  Wheeler, 352 F. Supp.2d at 1092 n.10.  When a person suffered a non-violent felony conviction, California Penal Code § 667.56(b) authorized a consecutive one-year sentence enhancement for each prior prison term served for any felony.  Id. at 1093, n.14.

that was entered into prior to passage of that law.  Thus, petitioner has not met his burden of establishing that the decision of the state courts rejecting this claim was an objectively unreasonable application of federal law.  See 28 U.S.C. § 2254(d).  For all of these reasons, petitioner is not entitled to relief on this claim.

### B.  Alleged Ineffective Assistance of Counsel

Petitioner claims defense counsel was ineffective based on an alleged failure to investigate and seek specific performance of petitioner's 1989 plea agreement.

The last reasoned rejection of this claim is the decision of the Sacramento County Superior Court on petitioner's petition for writ of habeas corpus.  The superior court addressed this claim as follows:

> Petitioner also claims that his counsel was ineffective for failing to challenge the Court's use of the Butte County conviction to enhance [petitioner's] conviction in case no. 05F07759.  Specifically, [petitioner] claims that his counsel should have challenged the Court's alleged breach of his plea agreement in the Butte County case.
>
> In evaluating ineffective assistance of trial court counsel, "a defendant must first show counsel's performance was 'deficient' because his or her representation fell below an objective standard of reasonableness. . . under prevailing professional norms."  (In re Harris (1993) 5 Cal.4th 813 832-833; citing Strickland v. Washington (1984) 466 U.S. 668 and People v. Pope (1979) 23 Cal.3d 412; see also In re Scott (2003) 29 Cal.4th 783, 811-812.)
>
> In applying the first part of the test, courts are instructed to be highly deferential.  A petitioner claiming ineffective assistance of counsel must overcome a presumption that considering all the circumstances, counsel's actions "might be considered sound trial strategy."  (Strickland, supra, 466 U.S. at p. 689.)  In the second part of the test, a petitioner "must also show prejudice flowing from counsel's performance or lack thereof.  [cites omitted]  Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [cites omitted]"  (Ibid.)
>
> Finally, courts are advised that it is frequently easier to resolve an ineffective assistance claim by looking first at the issue of prejudice; if none is established, then it will be unnecessary to

11

> consider counsel's performance.  (In re Fields (1990) 51 Cal.3d 1063, 1077.)
>
> In the instant case, Petitioner cannot establish a claim of ineffective assistance of counsel.  Since his claim relies upon his allegation that use of his Butte County conviction to enhance his sentence in his most recent case breached his plea agreement in the Butte County case, and the Court ruled above that doing so did not breach the plea agreement, counsel was not ineffective for failing to argue that it did.  Petitioner's second claim is therefore denied.

(Dkt. No. 1 at 22.)

The Sixth Amendment guarantees the effective assistance of counsel.  The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984).  To support a claim of ineffective assistance of counsel, a petitioner must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  Id. at 687-88.  After a petitioner identifies the acts or omissions that are alleged not to have been the result of reasonable professional judgment, the court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003).

Second, a petitioner must establish that he was prejudiced by counsel's deficient performance.  Strickland, 466 U.S. at 693-94.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.; see also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000).

The Ninth Circuit has clarified how courts must analyze ineffective assistance claims under AEDPA.

> Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether

>counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington, 131 S.Ct. at 788.

As noted by the state superior court, a reviewing court is not required to address the two parts of the Strickland test in the order set forth therein.  See Strickland, 466 U.S. at 697.

>In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.  Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

Id.

Here, the court has reviewed the superior court's opinion and finds that, in light of the record, the denial of petitioner's ineffective assistance of counsel claim was reasonable.  The superior court properly applied Strickland standards.  Harrington, 131 S. Ct. at 788.  As explained above, any challenge based on the 1989 conviction or any request for specific performance of the 1989 plea bargain in the 2006 criminal proceedings would have been futile. Lackawanna, 532 U.S. at 403; Brownlie, 915 F.2d at 528.  Because the enhancement imposed by the Sacramento County Superior Court did not violate the 1989 plea agreement, defense counsel cannot be found ineffective for failing to argue that it did.  The record demonstrates that defense counsel argued that the court strike petitioner's prior convictions as unconstitutional.  (RT 753-57.)  The trial court denied the motion.  (RT 757.)  Petitioner has failed to demonstrate Strickland prejudice on this claim.

The state court's rejection of petitioner's second claim for relief was neither contrary to, nor an unreasonable application of, controlling principles of United States Supreme Court precedent.  Therefore, petitioner's second claim for relief should be denied.

////

VI. <u>Conclusion</u>

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2011

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcca1979.157